Ruffin, C. J.
 

 The proceedings in this case do not authorise the Court to decide the' questions,' raised ancl decided in the Superior Court. The petition seems to have been drawn upon the idea, that it Would lie under the act of 1S29 for the partition of slaves or other personal chattels; and the decree, we suppose, proceeded upon the same notion. But that act applies only to a plain legal tenancy in common',' and not at all to a suit against an executor for negroes, as parts of a legacy to’ two or more persons in common. In this latter case the rights of the claimants cannot be ascertained until the administration has been closed, or all the accounts have been taken ; and the executor is proceeded against in his' character of a trustee for the legatees: The Véry decree in this case shews, that it was impossible to treat the parties, as tenants in common merelyfor it became necessary to direct enquiries into the entire estate and as' to advancements to the children respectively, beforeeither of the parties Could claim any thing.
 

 But if this could be looked at as a petition in the Courts' of law for legacies- and portions, as- given by the Statute,' instead of the suit in the Court of Equity, the plaintiffs cannot be relieved on it, because the sole prayer and' object of the plaintiffs’ is for an account of the slaves,' belonging to the testator’s estate, and for a division of them. The slaves are not given specifically, or separately from the other parts of the estate;' but the children become entitled to-them5 under the general gift of the testator’s “ estate of every description, to be' equally divided among his children” at the death of his widow1. Now, the Court does not entertain suits for the separate parcels,' which constitutes the mass or residue of this estate ; but, in order to avoid, an unnecessary multitude of suits, requires that the suit shall be so brought, as to'take all'the
 
 *224
 
 accounts and distribute the whole estate by the decrees, that may be made therein.
 

 Besides, there is another objection to the parties. The administrator of the testator’s daughter Betsey is not be. fore the Court,, and her infant children .are improperly made parties, as representing her. The act of 181C,
 
 Rev. Stcit. ch. 122, sec. 15,
 
 has no application here. That vests the estate, given by the will of a parent to a child, who-dies in the life time of the parent, in the issue of such child so dying. But here the daughter Betsey survived her father, and the legacy rested in her, and survived to her administrator or executor, and not to her children. Indeed it may be that her husband survived her, in which case her administrator would hold in trust for the husband’s representative, and not for the wife’s children.
 

 For all these reasons it was erroneous to pronounce the interlocutory decree given in the Superior Court, and this opinion will be certified to that Court, that the decree may be reversed, and other proceedings had in the cause according to right and justice.
 

 The plaintiffs must pa.y the costs in this Court.
 

 Per Curiam. Ordered to be certified accordingly.